# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIO AVILES, SR.,** | : | **1:22-CV-1857** |
| **Petitioner,** | : | |
| **v.** | : | **(JUDGE MANNION)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent.** | : | |

## MEMORANDUM

Petitioner, Julio Aviles Sr. ("Petitioner"), an inmate currently confined in the United States Penitentiary, Lompoc, California, filed the instant *pro se* petition ("Petition") for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner challenges his conviction in the United States District Court for Middle District of Pennsylvania following his involvement in a large-scale drug trafficking operation. Magistrate Judge Martin C. Carlson has filed a report and recommendation, (Doc. 13), which recommends the court deny the petition for lack of jurisdiction, but without prejudice to the petitioner taking whatever action before the Third Circuit Court of Appeals he deems appropriate under 28 U.S.C. §2255 to preserve and present this issue in a second or successive motion to correct his sentence. Petitioner has filed a timely objection to Judge Carlson's report. (Doc. 15).

## I.      Legal Standard

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F. 3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the district court "may also, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations." *Bynum v. Colvin*, 198 F. Supp. 3d 434, 437 (E.D. Pa 2016) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

## II.     Background

Based on reports Petitioner was engaged in drug trafficking, Lebanon County's Drug Task Force requested and received a search warrant for among other places Petitioner's residence. Pursuant to this warrant, law enforcement recovered large quantities of multiple controlled substances, drug paraphernalia, and firearms. Petitioner was subsequently arrested and charged with 21-counts of *inter alia* drug trafficking. After pleading not guilty, Petitioner filed a motion to suppress the evidence recovered pursuant to the warrant or in the alternative to hold a *Franks* hearing, arguing that the affidavit on which the warrant was issued both included false information and omitted material information. The district court denied the motion to suppress

and request for a *Franks* hearing. Petitioner was ultimately convicted on all counts at trial. *U.S. v. Aviles*, 1:15-CR-181.

At sentencing, Petitioner was determined to have a least three prior felony drug convictions under the Controlled Substances Act and sentenced to a mandatory term of life imprisonment plus a consecutive 60-month term for possessing a firearm in furtherance of drug trafficking. Petitioner appealed his conviction challenging both the denial of his motion to suppress, as well as his mandatory life sentence. The Third Circuit affirmed the district court's denial of the motion to suppress but remanded the case for resentencing, as two of Petitioner's prior drug convictions no longer qualified as felony drug offenses under the First Step Act of 2018. *United States v. Aviles*, 938 F.3d 503, 505-06 (3d Cir 2019). On remand Petitioner was resentenced to a term of 360 months.

After resentencing, Petitioner filed his first motion to vacate his conviction and sentence pursuant to 28 U.S.C. §2255, based again on the district court's initial denial of his motion to suppress.[1] This time Petitioner argued that his appellant counsel was ineffective in arguing this issue. In considering this motion the district court found that Petitioner's appellant

---

[1] Petitioner initially filed his motion to vacate while awaiting resentencing, but the motion was dismissed as premature at that time. 1:15-CR-181 (Docs. 851, 867).

counsel properly raised the issue on appeal, and that issue was dismissed for lack of merit after thorough consideration by the Third Circuit. Specifically, the Third Circuit found that even with the deletion of the statements that Petitioner characterized as false and the inclusion of the omissions Petitioner contended were material, the affidavit supported an independent finding of probable cause. *Aviles*, 938 F. 3d at 505. Thus, the district court did not err in denying Petitioner's motion to suppress or his request in the alternative for a *Franks* hearing. Accordingly, Petitioner's first §2255 motion was denied.

Petitioner also appealed this denial to the Third Circuit. Doc. 1007; No. 22-1851 (3d Cir.). During the appeal, Petitioner further filed a motion that he titled "Motion for Relief Pursuant to Federal Rules of Civil Procedure 60(b)(2)(3)(6)." The Third Circuit denied the appeal and declined to issue a certificate of appealability as to Petitioner's §2255 motion. Doc. 1015. It also denied the motion under 60(b)(2)(3)(6) without prejudice to Petitioner "properly filing" a motion under Rule 60(b) in the district court, although it explicitly declined to comment on the timeliness or merits of such a motion. *Id.*

Nonetheless Petitioner has filed the instant Petition to once again challenge the district court's initial denial of his motion to suppress. This time he makes his challenge in the form of *habeas* petition styled as a "Motion to

Relief from a Judgment or Order Pursuant to Federal Rule of Civil Procedure, Rule 60(a)(b)(1)(2)(3)(6) and (d)(3)." Judge Carlson disagreed with this characterization finding that the Petition is actually an unauthorized second or successive §2255 motion.[2] Since Judge Carlson also found that Petitioner has not made a valid case for pursing habeas relief in lieu of second or successive §2255 motion, he concluded that the court lacks jurisdiction to consider the Petition.

Petitioner objects to this finding on the basis that the instant motion per Rule 60(b)(2)(3) contains newly discovered evidence as well as evidence of extrinsic fraud by the government and therefore should not be considered a second or successive §2255 motion. Petitioner also appears to argue that the order of the Third Circuit denying his previous "Motion for Relief Pursuant to Federal Rules of Civil Procedure 60(b)(2)(3)(6)" without prejudice should be considered authorization to file a second or successive §2255 motion.

## III.   Discussion

Generally, a §2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972). *See also*

---

[2] 28 U.S.C. §2255(h) requires the appropriate court of appeals authorize second or successive §2255 motions before they are filed.

*In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997) (holding §2255 is "the usual avenue for federal prisoners seeking to challenge the legality of their confinement"); *United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that §2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); *Snead v. Warden*, *F.C.I. Allenwood*, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. §2255).

Still Judge Carlson properly recognizes an exception to the general rule where a remedy under §2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of §2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a §2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)).

Consequently, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." *Cradle*, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

Upon reviewing the instant petition Judge Carlson did not find a §2255 motion would be ineffective or inadequate here. Specifically, he found that §2241 relief is available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. *See In re Dorsainvil*, 19 F.3d 245 (3d Cir. 1997). Since Petitioner was convicted at trial of engaging in large-scale drug trafficking, conduct that was then as it is now illegal, any arguments regarding the sufficiency of evidence do not equate to a claim of factual innocence. Therefore, the *Dorsainvil* exception, under which §2241 relief could be available in lieu of a motion under §2255 is not applicable here and the instant §2241 petition should be dismissed for lack of jurisdiction.

- 7 -

Based on its own review of the Petition this court agrees. Petitioner does not make any claims about the effectiveness or adequacy of his prior §2255 petition. Instead, he merely attempts to repackage arguments made in his prior §2255 petition as a §2241 petition. Furthermore, this court agrees with Judge Carlson's finding that the instant petition is not a "true Rule 60 motion," but rather an attempt to circumvent the requirement for filing a new §2255 motion." *U.S. v. Donahue*, 733 F. App'x 600, 602 (3d Cir. 2018) (citing *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002)).

In his objection to the Report, Petitioner claims that the Petition presents new and different types of arguments pursuant to Rule 60(b) specifically those based on newly discovered evidence and extrinsic fraud by the government. Yet Petitioner has not established a valid case for pursing *habeas* relief in lieu of second or successive §2255 motion (*i.e.*, his prior motion was ineffective or inadequate). So, the court still does not have jurisdiction to even consider this evidence. Likewise, and contrary to Petitioner's assertions, the Third Circuit's prior dismissal without prejudice of a similar motion by Petitioner does not constitute implicit or explicit permission by the Circuit to bring a second or successive §2255 motion under 28 U.S.C. §2255(h). Together these facts lead the court to also

conclude the instant Petition is not a true Rule 60 petition but rather an attempt to file another §2255 motion without the Circuit's permission.

Regardless, Rule 60(b) is a rule of civil procedure that has no application to criminal cases and does not authorize the court to vacate a criminal conviction. *See e.g., Gray v. United States*, 385 F. App'x 160, 162 (3d Cir. 2010); *see also United States v. Washington*, 549 F.3d 905, 912 n.6 (3d Cir. 2008). Hence even if appropriate the instant motion would fail to provide Petitioner with the relief he is seeking. As previously stated, the proper avenue for obtaining the relief sought by Petitioner is through a §2255 motion.

Since the Petitioner has neither established a valid case for pursuing *habeas* relief in lieu of second or successive §2255 motion nor complied with the procedural requisites for submitting a second or successive §2255 motion, this court lack jurisdiction to consider the petition and therefore must dismiss it. *See* Rule 4 of the Rules Governing §2254 Cases in the United States District Courts ("[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.") *See also Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through

Rule 1(b)"). However, this dismissal will be without prejudice to the Petitioner taking whatever action before the Third Circuit he deems appropriate under 28 U.S.C. §2255 to preserve and present this issue in a second or successive motion to correct his sentence.

## IV.   Conclusion

For the foregoing reasons, the Report, (Doc. 13), will be **ADOPTED IN ITS ENTIRETY** and Petitioner's objections thereto, (Doc. 15) will be **OVERRULED**. Petitioner's petition for writ of *habeas corpus*, (Doc. 1), will be **DISMISSED** without prejudice to the Petitioner taking whatever action before the Third Circuit he deems appropriate under 28 U.S.C. §2255 to preserve and present this issue in a second or successive motion to correct his sentence. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 4, 2023**
22-1867-01